McBRIDE, Judge.
This is an appeal taken by plaintiff, Reno Radovich, from a judgment of the Civil District Court for the Parish of Orleans,, rendered after a trial on the merits, dismissing his suit for damages sustained by his automobile when it ran into the rear of a truck which was parked on the highway at night without lights. The defendants are Frank' Stipelcovich, whose driver had charge of the truck at the time of the accident, and his insurance carrier, The Western Casualty and Surety Company.
The petition alleges that the driver of the truck was guilty of negligence in leaving it unattended on a public highway at night, with no lights thereon and without flares on the highway to warn approaching vehicles of its presence in the roadway. The defense is a denial of negligence coupled with an alternative plea of contributory negligence on the part of plaintiff’s driver such as to bar a recovery.
The accident occurred on October 29, 1944, at about 9:00 o’clock, p. m., on the paved, two-lane highway on the west side of the Mississippi River at a point about five miles below the Town of Port Sulphur, Louisiana. The witnesses testified that the night was clear but dark. Plaintiff’s automobile, a 1939 Buick five-passenger coupe, was being driven by his wife and in it, as passengers, were plaintiff and three of his kinsmen. The car was traveling in the direction of New Orleans. It is conceded by both counsel that the damage to plaintiff’s automobile amounted to $600.
The truck had been operated by one Bernard Stockfelt, the employee of defendant Stipelcovich, and before being parked it had been traveling in the same direction as plaintiff’s automobile was moving. Upon reaching the point where the accident later occurred, the driver of the truck parked it on the highway parallel to the edge of the road, in order that he might visit his home which was nearby. He placed a kerosene flare about 50 feet in front of the truck, one near the left rear wheel, and another about 50 feet behind the truck. These flares were lighted and Stockfelt said he was certain that they were full of kerosene. He then left the truck and about ten minutes later he heard the impact of a collision. Upon reaching the scene he learned that plaintiff’s Buick had run into the rear of the *395 truck. He discovered that the flare which he had placed behind the truck was not burning-, and that it had been turned over upon its side and the kerosene was leaking out. He relighted this flare to safeguard against other accidents.
The charges of negligence against the driver of the truck are as follows: (1) That in leaving his truck on the highway unattended without appropriate signal lights thereon he violated Rule 15, Sec. 3, of Act No. 286 of 1938, and (2) that he also violated Sec. 1 of Act No. 164 of 1936 in that he left his truck on the highway without lights and without proper flares such as this act requires.
Counsel for defendants contend that there was no negligence on the part of the truck driver and argue that he had substantially complied with the provisions of the acts. Counsel suggest that the rear flare, which had been lighted when the truck was parked, had been struck and knocked over by plaintiff’s car and the flame extinguished as a result. However, counsel have not directed our attention to any testimony in the record, and we find none, which indicates in any way that plaintiff’s automobile came into contact with the flare or that it was burning when plaintiff’s car passed it. It may well be that the light had been extinguished by the wind or some other means which has not been shown.
We are unable to agree with counsel that there had been a substantial compliance with the provisions of the acts and considering the circumstances under which the truck was parked and allowed to remain upon the traveled portion of the highway, the driver thereof was guilty of negligence. Section 1 of Act No. 164 of 1936 provides in substance that the operator of a truck, immediately upon bringing his vehicle to a stop upon the traveled portion of a highway, at any time during the period from one-half hour after sunset to one-half hour before sunrise, must place one lighted flare at the side of the vehicle just inside of the black line marking the center of a paved highway, one lighted flare approximately 100 feet in front of the vehicle, and another approximately 100 feet in the rear, and must maintain the lighted flares in such positions during the time the vehicle remains parked.
Regarding plaintiff’s car, the passengers testified that it was being driven about 20 to 30 miles an hour and that just before the collision its speed was slackened to about 15 to 18 miles an hour; Mrs. Radovich, the driver, estimated it from 10 to 15 miles an hour. She and the other witnesses for plaintiff stated that traffic coming down the highway from the opposite direction had been particularly heavy on the night in question and that the headlights of the oncoming cars at times “blinded” them, and that it was necessary that Mrs. Radovich drive with her lights dimmed.
She further testified that with her headlights dimmed she was able to see down the highway for a distance of a “city block” or so, and that an automobile with dazzling headlights passed her “a few hundred feet” before her automobile came into contact with the truck. She did not mention that any other approaching car came into vjew afterward. She then stated that she- continued onward and observed a light on the roadway (the flare which had been placed near the rear wheel of the truck) which she estimated to be some 40 feet in front of her own vehicle, and that upon seeing this light she immediately started applying her brakes, but before the car came to a stop it crashed into the truck.
Reno Radovich, plaintiff, who was riding on the front seat of the car, testified that he saw the flare when the automobile approached to within 50 feet of it, and Pen-rose Radovich, another passenger, testified that he observed it 40 or 50 feet away, and that by its light he could see the left rear wheel of the parked truck.
Plaintiff’s counsel concedes that under ordinary circumstances one who drives his automobile into a stationary vehicle or other obstruction on a roadway is guilty of negligence, but contends that under our jurisprudence this result should be reached in each case only after taking into consideration all circumstances and facts surrounding the particular occurrence. .Counsel cites several cases, in each of which- there was something so unusual as to explain the failure of the driver of the moving vehicle *396 to see a stationáry one,-principally the case of Gaiennie v. Cooperative Produce Co., 196 La. 417, 199 So. 377, decided by the Supreme Court, and insists that the instant case falls into that group. The plaintiff in the Gaiennie case was permitted to recover his damages from the defendant under the peculiar facts which were involved: plaintiff was driving at a moderate rate of speed, between 40 and 45 miles an hour, on an open highway, with his car properly lighted, and he slowed down to, between 20 and 25 miles an hour upon meeting approaching cars. Immediately before the accident there were fciur or five cars coming down the highway from the opposite direction following each other, all of them with their headlights burning so brightly as to dazzle the plaintiff’s eyesight intermittently. Plaintiff, with his lights focused downward, ran into a truck which was parked at an angle on the edge of the highway with the body extending out into the road some three or four feet above the ground and some four or five feet beyond the rear wheels. The Court found that under the circumstances involved the plaintiff had not been guilty of contributory negligence in failing to see the truck.
However, the facts in the instant case are not at all similar to those in any of the cited cases. Stipelcovich’s truck was parked squarely in the traffic lane in which plaintiff’s car was moving, and near to its left rear wheel was the flare which plaintiff’s driver and his other witnesses testified they saw from a distance of some 40 to 50 feet.
As stated above, Mrs. Radovich did not mention that any other car came into view from the opposite direction after she had passed the car which she described as having the dazzling headlights a few hundred feet from the location of the parked truck, and it is obvious that after this car had 'passed she should have regained her normal vision and there was nothing which ■should have obstructed a full view of the truck in the beams of her headlights. With her lights dimmed, she could see a block or ■so down the highway and such being so she •should have observed the truck and avoided running into it. She was negligent in not seeing what she should have seen. This view is strengthened by the fact that the lighted flare outlined the left rear wheel of the truck so that it could be seen from a distance of some 40 to 50 feet away.
It is well settled that a driver is guilty of contributory negligence in not seeing what a reasonably prudent person should have seen and would have avoided. O’Rourke v. McConaughey, La.App., 157 So. 598; Hutchinson v. T. L. James & Co., La.App., 160 So. 447; Bordelon v. T. L. James & Co., La.App., 148 So. 484; Safety Tire Service v. Murov, 19 La.App. 663, 140 So. 879; Waters v. Meriwether Transfer Co., 18 La.App. 18, 137 So. 578; Raziano v. Trauth, 15 La.App. 650, 131 So. 212; Sexton v. Stiles, 15 La.App. 148, 130 So. 821; Blahut v. McCahil, La.App., 163 So. 195; Woodley & Collins v. Schusters’ Wholesale Produce Co., Inc., 170 La. 527, 128 So. 469; Louisiana Power & Light Co. v. Saia, La.App., 173 So. 537; Hemel v. United States Fidelity & Guaranty Co., La.App., 31 So.2d 38.
The judgment appealed from is affirmed.
Affirmed.