ELLIS, Judge.
This is a suit in which plaintiff is claiming damages as a result of personal injuries and property damage suffered in an automobile collision in which his automobile ran into the rear end of the defendant’s truck which was parked in the right hand lane of traffic going south on Highway 51 about 6 A.M. on December 16, 1946. The defendant denied any negligence on his part and plead contributory negligence on the part of plaintiff.
The lower court rendered judgment in favor of the plaintiff for $1,461.45 with legal interest and all costs. The defendant has appealed.
It is shown by the evidence that the defendant was driving his truck loaded with green lumber, the total weight amounting to approximately 17 or 18 tons, south on Highway 51 in the early morning of December 16, 1946. When he had reached a point approximately three miles south of Manchac, Louisiana, his lights went out. Approximately 7 or 8 minutes before his lights went off entirely they began to dim and brighten, however, he did not stop at that time but kept drifting until they completely failed.
Riding with him was a helper and on the front seat was a flashlight, but he got out and attempted to fix .the lights and it was while so engaged that he saw the plaintiff’s car coming south on Highway 51 and it was then that he got out from underneath the truck to get the flashlight in order to signal the plaintiff, however, before he could get the light or about the time he got half way between the back and cab of the truck, plaintiff’s car crashed into the rear end of his truck.
Defendant attempted to escape negligence on his part by pleading that the accident occurred within five to seven minutes after he had stopped his truck and that, therefore, he would not have had time to put the flares out. In view of the facts, such an argument can be of no comfort to the defendant for at the point where he stopped the truck without any attempt to pull it off the highway, the shoulder is 9 feet 6 inches wide, and while defendant attempts to say .that at a previous time he had pulled off on the shoulder of this highway in the swamp and 'had become bogged down, there is no testimony to show that it had been raining or that it was raining at the time of the accident, and there is no apparent reason why this truck should not have been pulled off on the 'shoulder of the highway rather than left standing in the middle of the road.
Also, defendant must have been parked longer than five to seven minutes prior to the time the accident occurred, for it is shown that the helper, who was asleep at the time of the accident, had gotten out of the truck when it was first stopped, walked around and gotten back in the front seat and gone back to sleep. It is not very logical to assume that he did all of this in five minutes. However, even *414 if we accept the time of five to seven minutes the defendant could have put out a flare in that time and could have had his helper with the flashlight, which was right on the' front seat, stationed to the rear to warn all oncoming traffic. Clearly, the defendant was negligent and the only serious question is whether the plaintiff is barred from recovering because of contributory negligence.
The testimony is clear that plaintiff was proceeding south at approximately forty miles per hour when he met three motor vehicles traveling north. As the last vehicle, which was a mayonnaise truck, approached it had its lights on bright, and the plaintiff signalled two or three times in an attempt to have the driver of the oncoming truck dim his lights which the latter failed to do. Just as the plaintiff cleared the third motor vehicle with the bright lights, he switched his lights back to bright and discovered the parked truck in the middle of his traffic lane at a distance which he estimated at approximately 75 feet. There is evidence of plaintiff having skidded his tires 35 or 40 feet before striking the rear end of the truck. Defendant contends that plaintiff should have slowed the speed of the vehicle when he saw the oncoming cars and particularly the one with the bright lights. Plaintiff was traveling at a rather slow and legal rate of speed on this main highway No. 51. His speed of 40 miles was such that he could have met any ordinary situation.
Defendant next contends that plaintiff should have pulled to the left into the north bound traffic lane as there was no oncoming traffic, and he would, therefore, have missed the truck and avoided the collision. At the point of the collision there is a deep canal to the right and also a canal between •the highway and railroad on the left, and as there is no other testimony except the plaintiffs that he saw this truck at approximately 75 feet distance when traveling at 40 miles per hour, taking into consideration the reaction time as shown by the chart in Blashfield’s Cyclopedia of Automobile Law, Book 9(2) page 706, the plaintiff only had approximately 35 to 40 feet in which to take action. Under this circumstance, the plaintiff clearly was faced with an emergency not of his own creation and he chose to put on the brakes rather than to attempt to swerve to the left for a very good reason as given in his own words: “By the time I decided what to do I would have turned over or went in the canal or went over the other side of the road.” Under the doctrine of sudden emergency, plaintiff was not guilty of contributory negligence in not attempting to swerve to the left rather than to apply his brakes.
Just prior to the collision defendant testified that when he cut the rear light wires under his truck, the side or clearance lights came on and that there was a spot light burning on the front of the truck which shown across the hood to the right. There is nothing to show that the plaintiff could have seen these side or clearance lights and certainly not the spot light which was shining away from him, and with oncoming traffic and plaintiff traveling ait a moderate and legal rate of speed and unable to see defendant’s truck until within 75 feet of it, and where it is shown that defendant could see to his rear and north for one-quarter of a mile and did not observe the plaintiff coming nor make any attempt to use his flashlight or the assistance of his helper who was asleep on the front seat of the ¡truck nor to light any flares, then under these facts the plaintiff was faced with a sudden emergency and was not contributorily negligent.
The law covering this case is very clear. Act No. 215 of 1942, D.S. § 5309.5, LSA-RS 32:441, provides: “Flares, reflectors, or other similar light warning devices for certain vehicles at night. — Motor busses, cars for hire having a capacity of over seven passengers, cars or trucks used as wreckers or for towing purposes, motor trucks and combinations thereof, operating on the highways during the period from one-half hour after sunset (to one-half hour before sunrise shall at all times be equipped with at least three portable flares, reflectors or other similar or light warning devices, which may be plainly visible for a distance of five hundred feet. The operator of a motor truck or combination thereof, motor bus, cars for hire, cars or trucks *415 used as wreckers or for towing purposes, shall immediately upon bringing his vehicle to a stop upon or immediately adjacent to the traveled portion of the highway, at any time during the period of from one-half hour after sunset to one-half hour before sunrise, place one lighted flare, reflector or similar warning device at the side of such vehicle just inside the black line marking the center of paved highways and near the center of dirt or gravel highways; place one lighted flare approximately one hundred feet to the front of such vehicle and place one lighted flare approximately one hundred feet to the rear of such vehicle; and shall maintain such lighted flares in such position during the time said vehicle remains parked. Provided, that motor vehicles transporting explosives and inflammables shall be required to use two flares, reflectors or similar light warning devices to be placed as described heretofore, to the front and rear but shall not be permitted to place flares adjacent to vehicles.” Acts 1936 No. 164, § 1; 1942, No. 215, § 2. Rule 15 of Rules of the Road enacted into law by Act No. 286 of 1938 D.S. § 5220, LSA-RS 32:241, provides:
(Stopping and parking).
“(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended upon any highway unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle shall be left free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred (200) feet in each direction upon such highway; provided, that if such vehicle is left parked, attended or unattended, one half hour after sunset or one half hour before sunrise, the person stopping it or parking it at that time or place, or causing it to be so stopped or parked or left standing, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence thereat.
* * * * * *
“c. The provisions of this rule shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position; provided, it shall be the duty of the owner or driver of any such vehicle to remove the same as soon as possible and until removed ,to protect traffic from same at his responsibility.” Acts 1938, No. 286, Sec. 3, Rule 15.
The facts in this case constitute an exception to the general rule that it is the duty of .the operator of an automobile, while traveling at night, to operate said automobile in such a manner that it can be stopped within the range of vision limited by the head lights of the car. The present case is similar to and controlled by Gaiennie v. Cooperative Produce Co., Inc., 196 La. 417, 199 So. 377; Dodge v. Bituminous Casualty Corporation, La.App., 33 So.2d 95; Buford v. Combs, La.App., 50 So.2d 469.
Plaintiff is asking for an increase in the amount of damages for his personal injuries. It is shown that plaintiff suffered severe bruises of the knees, particularly the right one, which confined him to his home for a period of five weeks, for which he was awarded by the lower court the sum of $300. We believe that this award should be increased to $1000, making a total money judgment of $2161.45, and as thus amended the judgment of the district court is affirmed.