ELLIS, Judge.
The plaintiff, Mrs. Gladys Finley, widow of Howard Finley, brought this action individually and as natural tutrix of her five minor children for damages allegedly suffered when her husband was killed in an automobile accident on September 17, 1948 between 7:30 and 8:00 p. m. on U. S. Highway 190 about seven miles east of the City of Opelousas, Parish of St. Landry, Louisiana, when the automobile in which he was traveling ran into the rear end of a truck and semi-trailer owned by the defendant, A. L. Guidroz. Also joined as defendant was Guidroz’ liability insurer, Highway Insurance Underwriters.
Negligence is charged against the driver of defendant Guidroz’ truck in the following particulars:
*272 (1) In stopping the truck on the paved slab and without leaving a fifteen feet clearance on the paved portion of the highway as required by law;
(2) In failing to' have either side clearance or red tail lights lighted on the truck and trailer at the time of the accident and while on a public highway at night;
(3) In stopping the truck and trailer in such a manner and place that he knew it would be virtually impossible for traffic approaching from the rear to discern the object on the highway because of its color and composition and the lights of the oncoming car going west;
(4) In failing to take steps to warn the car driven by Howard Finley of the presence of the truck.and trailer on the highway when he well knew and saw the car driven by the late Howard Finley approaching from.the rear.
The defendants deny the allegations of negligence and contend that the approximate cause of the collision was the gross and flagrant negligence of the deceased in operating his vehicle at a speed in excess, of that authorized by law or at such speed that he was unable to bring his vehicle to a halt within a distance illuminated by his headlights; and operating a vehicle with improperly functioning brakes and headlights; in failing to maintain his vehicle under proper control, in failing to retard the speed of his vehicle when he saw or should have seen the truck and trailer in his lane of traffic ahead of him and that the left or north lane of traffic was not free of traffic so as to enable him to pass the truck and trailer, and finally, in failing to maintain a proper lookout.
The defendant pleads in the alternative that the contributory negligence of the plaintiff was the approximate cause of the accident.
The case was duly tried and the learned trial judge with well written reasons rejected the demands of the plaintiff and dismissed the suit at her cost. From this judgment plaintiff has appealed.
It is obvious from -the foregoing that the plaintiff is pitching her entire case on the hope of showing that this matter falls within the limited line of jurisprudence which constitutes an exception to the general rule that the driver of an automobile must maintain his vehicle at such a speed and under such control that he may be able to bring his vehicle to a halt within a distance illuminated by his headlights, and which exception has been established in the cases of Gaiennie v. Cooperative Produce Co., Inc., 196 La. 417, 199 So. 377; Dodge v. Bituminous Casualty Corp., 214 La. 1031, 39 So.2d 720; Rea v. Dow Motor Co., La.App., 36 So.2d 750, Buford v. Combs, La.App., 50 So.2d 469, and Evans v. Kirby, La.App., 53 So.2d 412.
The trial judge has correctly set forth and analyzed the facts in his written reasons for judgment and arrived at the proper conclusion, and we, therefore, quote:
“The evidence discloses that an International truck and semi-trailer belonging to defendant, A. L. Guidroz, and insured by the Highway Insurance Underwriters, Inc., against public liability had proceeded from New Iberia, La., to the scene of the accident, where it arrived at between 7:30 and 8:00 o’clock P. M. on September 17, 1948. The truck was carrying a load of oil field pipe or drill stem which protruded to the rear of the semi-trailer some three or four feet. The semi-tfail'er was attached to the truck by a coupling pole. This pole was a three and a half or four, inch pipe, which likewise protruded to the rear of the rear axle some three feet.
“Howard Finley, the deceased, was driving a Ford automobile in an easterly direction and ran into the rear of the trailer and pipe, causing his almost instant death.
***** *
“Mrs. Gladys Finley sues for $20,000 for herself and for the sum of $10,000 for each of the five minor children born to her marriage with the deceased.
“The evidence discloses that when the truck reached a point on Highway 190, a paved two-lane 'highway, approximately 18 feet in width, with shoulders of some five or six feet, some 140 feet *273 west of a one lane oil field road on which its driver expected to turn, it stopped momentarily. The truck was proceeding in an easterly direction, as was the car driven by the deceased. A car was approaching from the east, headed west, and was opposite the truck in the north lane of the highway when the collision occurred. The testimony shows that the car approaching from the east had dimmed its lights and that the deceased had likewise dimmed 'his lights. There is conflicting testimony on the point of .whether the truck was at a complete stop, but the evidence convinces the Court that the truck had just stopped prior to being struck by the Finley car. The truck driver and his assistant testify that when they reached the City of Opelousas, some ten miles west of thé scene of the accident, they attached to the rear and top of the load of pipe three lights with red lenses and a clearance light to the end of the bolster aboye the rear axle of the trailer which clearance light had a red lens facing the rear and amber lenses facing outward and forward; that the three rear lights were screwed to a board which board was attached to the top of the pipe by rubber bands and that the red lenses faced the rear and that the clearance light likewise screwed to a board was attached to the bolster by rubber bands (cut from inner tubes).
“The three disinterested witnesses who were passengers in the car approaching from the east are in accord on most of the material facts. The Finley car ran into the rear of the trailer, the coupling bolt of which pierced the radiator and grill and ran along side of the engine: The pipes loaded on the trailer which were some four feet from the ground pierced the windshield and did damage to the top and body of the car and were apparently what caused the injury and death of Mr. Finley. His brakes were applied before the impact and hi's car skidded, according to brake marks, some eighteen or twenty feet. The front of the car was considerably damaged and the testimony discloses that the' coupling pole was bent to such an extent that the trailer could not follow the truck after the accident. The disinterested witnesses and the officer who was a member of the Department of State Police testified that there was evidence of a broken light found on the trailer. Thefe is some discrepancy with respect to the number of lights, their size and position. The patrolman found that a wire which led from the truck to the lights was broken, but on test showed that it had 'juice’. The Court also finds from the testimony that there was a stop light and clearance light on the headache pole, both immediately to the rear of the cab, one above and one approximately even with the top of the cab, and both facing to the rear.
“The night was clear, the road was dry. There is testimony in the record dealing with the composition of the equipment and a description of the rear view of the trailer. While the appearance of the rear end of the trailer was bearing on the ability of a driver approaching from the rear to see it, the Court must from the evidence find that there were some lights on the rear of the truck and trailer. The witnesses who gave an estimate of the speed of the car driven by the deceased were somewhat uncertain, but the Court must conclude from the physical facts, that is the damage done to the car even after the brakes had been applied and the car skidding some eighteen or twenty feet, that Mr. Finley was not driving at a moderate rate of speed.
“The Court finds from the evidence that while the truck did stop on the paved slab without leaving a fifteen feet clearance, that it was a momentary stop; that the truck had clearance and tail lights burning; that the stopping of the truck did not make it impossible for traffic approaching from the rear to see it because of its color and composition and that the driver "of the truck did not have time to warn the deceased.
*274 “It is the Court’s conclusion that if there were any negligence on the part of the driver of the truck that the contributory negligence of the driver of the car was an approximate cause of the most unfortunate accident.
“The Court has examined the Albright v. Tatum [La.App., 37 So.2d 888] and the Hemel v. United States Fidelity & Guaranty Company [La.App., 31 So.2d 38] cases, as well as numerous other decisions, and applying the law as set down in the cases, must conclude that the plaintiff under the facts and the law and jurisprudence applicable, is not entitled to recover. There is a marked similarity between the instant case and the Albright v. Tatum [La.App.], 37 So.2d 888.”
The judgment of the District Court is affirmed.