LOTTINGER, Judge.
This is a suit for damages arising out of an automobile accident which took place in the Parish of Tangipahoa on U. S. Highway 190 at about 7:30 P.M. on November 29, 1950. The plaintiff, who was at the time a member of the Armed Forces, alleges that on the night in question he was driving his automobile at about fifty miles per hour on his side of the road with his headlights on and that upon' reaching a point some twelve miles East of Hammond, a truck owned and operated by the defendant, A. R. Blossman, Inc., backed onto the north side of the highway and then into the plaintiffs path on the south side thereof causing the collision! Negligence is charged against Bernard Beal, the driver of the truck, in-failing to put out flares, being intoxicated and in driving into petitioner’s lane of travel. He claims the sum of $675.80 for the total destruction of -his Studebalcer Automobile, $20.40 for a wrecker bill, $2,500 for pain and suffering, $750 for mental pain and $35 for his hospital bill, or a total of $3,981.20.
The defendant answered, generally denying the allegations of plaintiff’s petition, alleging that the accident was caused solely through the fault of the plaintiff himself. The further allegation was made in the answer that at the time of the accident the defendant’s truck was being driven by Beal without its permission and that the latter was,not in the course and scope of his employment. Alternatively, the defendant alleges that shortly before the accident, Beal, while driving his truck, came upon an accident and stopped to give aid; that four or five vehicles were parked at the site of the accident and were clearly visible to all travelling on the highway; the headlights of the various vehicles, including Beal’s truck, were on and operating and that while Beal was attempting to right one of the damaged vehicles, the plaintiff’s automobile proceeded to crash into the defendant’s truck. Negligence is charged against the plaintiff in proceeding at an unlawful rate of speed, in failing to maintain a proper lookout and proper control of his vehicle, in failing to slow or stop his car in the face of the activity on the road ahead of him and in “over-driving” his headlights so that he was unable to stop within the range thereof. Further in the alternative, the answer sets out that the plaintiff, Herman S. Wing, was contributorily negligent and that his negligence constitutes a bar to his recovery.
The case was duly tried in the court below and the matter is now before us on an appeal taken by the plaintiff from a judgment dismissing his suit. The lower court rendered written reasons for judgment, part of which we herewith set out:
“The facts are that the plaintiff purchased a used Studebaker car in Vallejo, California and was driving to his home in Alabama on a leave. He was. proceeding east on U. S. Highway 190 toward Covington where he was expecting to spend the night. When he arrived at a point about seven miles east of Robert, Louisiana, on said highway, he ran into the rear end of defendant’s truck which was backing up on the east going or south lane of the highway. The Blossman truck had stopped to assist another truck which had run off into the ditch and after *135 having rendered some assistance was backing up to render additional assistance. Another car with its lights burning had stopped and the two men in that car, Mr. Menheim and Mr. Moore, were flagging all oncoming traffic, one on each side of the Bloss-man truck. The driver of the Bloss-man truck, Beal, admitted to having drunk two bottles of beer sometime before. He was accompanied by a negro driver who had also been drinking. The testimony is conflicting as to whether the Blossman truck had its lights on. Beal, the driver, testified that his lights on top of his cab were on and his side lights were on and rear lights also, in other words, all of his lights were burning. Mr. Moore and Mr. Menheim, plaintiff’s witnesses, testified that the back lights were (not) on but could not remember whether the front lights were on or not. The Court believes that the defendant’s truck did not have its rear lights on. The driver was in the truck and couldn’t see to the rear but the two witnesses both testified that the lights were not burning. To this extent the defendant was negligent.
“The Menheim car had its lights on facing in the direction of Hammond, and the car which was overturned in the ditch off the north shoulder also had its lights on.
“The testimony of the plaintiff himself is that the night was clear and .that the road was straight for a quarter of a mile prior to the impact. The driver of the defendant’s truck, Beal, testified he could see the other car coming quarter of a mile away.
“According to the diagram of the State Highway Trooper as shown on a highway report, the defendant’s truck was backing along the south lane of the highway going west at an angle. The diagram attached to the inter- ■ rogatory of plaintiff’s witness, Meri-heim, shows the Blossman truck entirely in the south lane of the highway and backing west. One of the men had a flashlight waving traffic and the other had a handkerchief.
“Mr. Wing, the plaintiff, testified that he could see about 50 feet in front of his lights or that his vision was 50 feet ahead. He further testified that he did not see the Blossman truck until he was right on it and he did not see the other lights or any of the people flagging. In answer to his interrogatories he testified that he did hot apply his brakes, but on trial of the case he said he began to apply his brakes when he was about 50 feet from the collision.
“[LSA-] R.S. 32:301 required a visibility on a level road under normal conditions for headlights of at least 200 feet ahead. We believe that the plaintiff is, therefore, negligent in not having proper headlights or if he is in error as to the length of the visibility, he was negligent in not seeing what he should have seen.
“ ‘Motorist who drove automobile into rear of truck parked on highway at night was contributorily negligent, where motorist was driving with lights dim but could see a block or so down highway and therefore should have seen truck in time to have observed truck and avoided running into it, especially in view of fact that truck driver had, placed a lighted flare outlining left rear wheel of truck so that it could be seen from a distance of some 40 to 50 feet away.’ Radovich v. Stipeloco-vich [La.App.], 32 So.2d 394.
“Where the testimony is conflicting as to whether the rear lights and clearance lights of the Blossman truck were on, it is conclusively true that there were at least two cars with lights on and one man waving with a flashlight and the other with a handkerchief. The plaintiff should have seen these lights and these men and been warned that there was some traffic hazard in front of him and slowed his car down. *136 His testimony that he did not see anything until- he was right on the Bloss-man truck shows that he was negligent in not keeping a proper lookout.
“There are two cases.which we believe are directly in point. ■
“Smith v. Litton [La.App.], 47 So.2d 411 holds: ‘Where disabled automobile in front of tow truck was visible under lights of tow truck and driver of disabled automobile was on highway endeavoring to warn driver of oncoming automobile of imminent danger, driver of oncoming automobile was negligent in not stopping before crashing into disabled automobile and negligent in not observing or disregarding warning of the imminent danger, and owner of oncoming automobile who was riding as a passenger at time of collision and had right of control was chargeable with contributory negligence.’
“In this case the plaintiff was attempting to pull another car out of a ditch, having his front fender tied by a chain to the left rear bumper of the disabled car. The disabled automobile did not have his lights on but the lights of the truck which was attempting to pull him out of the ditch were shining .on the disabled car. The Court in that case held'that the defendant who was in the same position as the plaintiff in this case, was negligent in not seeing the traffic hazard and stopping before crashing into it to such an extent that he was liable in damages to the car with which he collided.
- “The case of Finl[e]y v. Guidroz [La.App.], 58 So.2d 271, decided by the Court of .Appeal of the First Circuit seems to, be directly in point. In this case the plaintiff sued for the death of her husband as a result of an accident in which her husband’s car crashed into the rear end of the truck and semitrailer owned by the defendant. The accident happened at night and the Court held that the general rule was ■ applicable in that the driver of an automobile must maintain • his automobile at such a Speed and under such control that he may be able to bring his automobile to a halt within the distance illuminated by his headlights.
“Clearly in this case, had Mr. Wing been driving carefully and had the proper headlights, he would have noticed a traffic situation ahead which would have cautioned him to slow down so that he could have stopped for any emergency which arose within the range of his headlights.
“The plaintiff relies largely upon the case of Jenkins v. [A. R.] Blossman, Inc., [La.App.], 60 So.2d 131, which holds that a truck parked on a highway on a rainy night in the right lane of traffic with the lights turned off while the driver was cranking the truck and without putting out any flares for about five minutes were guilty of negligence which was the proximate cause of the accident.
“However, in this case, the motorist who ran into the truck had been following another truck at a reduced speed of 20 to 25 miles an hour and the truck he had been following turned left off the highway which disclosed the other truck parked in the plaintiff’s lane without any lights.
“In this case the plaintiff, Wing, had an unobstructed view in front of his car and there was nothing' between him and the truck for at least a quarter of a mile to half a mile and he was traveling at from 50 to 60 miles per hour. We do not think this case is in point.
“The plaintiff further • relies on the doctrine of sudden emergency which holds that the plaintiff was not guilty of contributory negligence where he was presented with a sudden emergency. Wayne v. New Orleans Public Service [La.App.], 52 So.2d 55; Evans v. Kirby . [La.App.], 53 So.2d 412.
*137 "We do not believe that these cases or this doctrine apply in this case because the plaintiff was not confronted with a sudden emergency but was confronted with a traffic hazard and situation which he could have seen had he used ordinary precaution and should have seen if he had been keeping the proper lookout.
“The fact that the plaintiff was guilty »f contributory negligence was further borne out by. the fact that other cars were flagged by Mr. Moore and Mr. Menheim and slowed down and passed the Blossman truck with safety.”
A review of the record shows that the factual findings of the trial judge are imminently correct. This being the case, the plaintiff was undoubtedly negligent in proceeding as ‘he did under the circumstances.
Finding no manifest error in the judgment appealed from, the same is hereby affirmed.
Judgment affirmed.