## RAZIANO v. TRAUTH

———

(December 1, 1930. Opinion and Decree.)
(January 19, 1931. Rehearing Granted.)
(February 2, 1931. Opinion and Decree on Rehearing.)

———

Finnorn & Todd, John B. Finnorn and Robert B. Todd, of New Orleans, attorneys for plaintiff, appellant.

F. A. Middleton, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. This suit results from a collision between a truck belonging to plaintiff and an automobile of defendant. Both parties claim damages to their respective vehicles.

There was judgment below dismissing plaintiff's suit and awarding defendant damages in reconvention in the sum of $410.75. From this judgment plaintiff has appealed.

The record indicates that on the night of February 6, 1929, at about 8:30 p. m., plaintiff's truck was parked on Third street in the town of Kenner. Third street runs north and south, and is divided by a neutral ground, and has two paved thoroughfares on each side about 9 feet in width. Defendant's automobile entered Third street at its intersection with Williams street, turned south in the direction of plaintiff's parked truck, and, proceeding along Third street, collided with the truck at a point about 200 feet distant from the intersection.

It is admitted that plaintiff was guilty of

negligence. He left his truck unattended on a narrow public thoroughfare, with his motor running without setting his brakes. He was guilty of violating sections 26 and 28 of Act 296 of 1928, which require that an unattended parked motor vehicle shall have its brakes set and its motor stopped, and shall be so parked as to leave a clearance of 15 feet on the traveled portion of the highway for free passage of other vehicles. He was also guilty of violating section 50, paragraph (d), of the same act, requiring motor vehicles to carry a red light on their rear. We have some doubt as to whether there was any light at all on the plaintiff's truck, but there is no contention that there was any on' the rear. The sole question is whether defendant had the last clear chance of avoiding "the accident.

As has been said, plaintiff's truck was 200 feet from the intersection of Williams street; consequently there was ample opportunity for the driver of defendant's automobile to have negotiated the curve and for the lights of his car to have assumed their normal position, illuminating the roadway in front of him. He claims that he saw the truck before the impact, but only when at a distance of 20 feet, and that, since he was traveling at the rate of approximately 20 miles per hour, there was no opportunity for him to have stopped his car in time to have prevented the accident. He undertook to avoid the truck by turning sharply to the left, but there was not sufficient space to pass, and he was not successful. In explanation of his failure to see the truck sooner, he says that his vision was obscured by fog and by the rays of a forty-watt light which was suspended from a shed over the sidewalk about 20 feet to the rear of the truck.

The evidence on the question of the prevalence of fog in the vicinity of the accident is not entirely satisfactory. We will assume, however, since the evidence seems to preponderate to that effect, that there was a light fog. In so far as the light is concerned, it is difficult to understand how a light of that small candle power could have seriously affected his view. But, assuming that the light and fog did affect his view, he would be required to exercise a degree of caution commensurate with the increased danger these circumstances involved. The fact that he did not see the truck until so close upon it cannot excuse him, for he must be held to have seen what he should have seen, or what a man of ordinary eyesight could have seen, and, if the fog affected his vision, he should not have maintained a speed of 20 miles an hour knowing that he was driving on a very narrow thoroughfare.

In the case of Parlongue v. Leon, 6 La. App. 18, where the facts were strikingly similar to those obtaining in the instant case, we held:

"It is negligence to stop an automobile upon the highway after dark without headlights or back lights. But this negligence does not justify another automobile to run into it negligently, nor absolve it from responsibility if, by the use of ordinary care, the collision could have been avoided. The question whether the plaintiff had lights in front or the rear of his automobile at the time of the accident is asserted by the plaintiff and denied by the defendant. Assuming that the plaintiff had no lights at all, he can fail to recover only if defendant, in the absence of those lights, could (not) have avoided the collision by the exercise of proper care.

"In the case of Blackburn v. Railroad, 144 La. 520, 80 So. 708, the plaintiff sat upon the track of the defendant railroad at 3:20 A. M. of the night and was run over and killed by a train of the defendant

company. Suit was filed against the railroad; the defense was contributory negligence. There was judgment for plaintiff. The court said on p. 529 [of Blackburn v. Railroad, 144 La., 80 So. 708, 712]:

" '* * * This train was either running at such a rate of speed that it could not be stopped within the distance objects on the track could be seen, or the lights were defective on the train, or the trainmen were not keeping a proper lookout. Whichever may have been the case, that was the proximate cause of the injury. If there were any difficulties against seeing, this was all the more reason why greater care should have been used.' * * *

"Huddy on Automobiles, p. 360, S. 307:

" 'Reasonable care requires in many cases that the driver of a motor vehicle drive at a slower speed at night than during the day. One restriction on his speed is that he shall keep the machine under such control and operate it at such a speed that he can stop the machine and avoid an obstruction or danger or another traveler within the distance that the highway is illuminated by his lights.'

"Also p. 937, S. 715.

"The defendant violated this rule.

"He, and his witness, testify that they did not see plaintiff's car until they came within a few feet of it. The road upon which the defendant was traveling was smooth and straight and his headlights were burning brightly. Nothing obstructed his view.

" 'He will be presumed, in case of accident, to have seen what he should have seen in the performance of his duties.' Kelly v. Schmidt, 142 La. 91, 76 So. 250."

See, also, Canal Steel Works v. City of New Orleans, 9 La. App. 575, 121 So. 773; Alexandria Refining Company v. Missouri Pacific Railroad, 1 La. App. 470. Pollet v. Robinson Lumber Co., 10 La. App. 760, 123 So. 155.

The case before us cannot be distinguished in principle from the case of Par-longue v. Leon, supra. The judgment in favor of defendant in reconvention must be reversed, as defendant had the last clear chance of avoiding the accident, and therefore his negligence was the proximate cause of the accident.

It is admitted that plaintiff's truck suffered damages to the extent of $95 for which he must have judgment. His claim for $15 per day for nine days for deprivation of his truck during repair will not be allowed, because there is nothing in the record to show that this damage was actually sustained.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that plaintiff, Biaggio Raziano, have judgment against defendant, Frank Trauth, in the full sum of $95 with interest at the rate of 5 per cent from judicial demand until paid.

It is further ordered that defendant's reconventional demand be dismissed, at his cost.

## ON REHEARING

A reconsideration of this case has convinced us of the correctness of our former decree. In addition to the authorities cited therein we have reviewed the following which appear to be directly in point: Proper v. Walsworth, 6 La. App. 610; Southall v. Smith, 151 La. 967.

For the reasons assigned our original decree is reinstated.