**HUTCHINSON v. T. L. JAMES & CO., Inc., et al. ***

**No. 14886.**

Court of Appeal of Louisiana. Orleans.
April 15, 1935.

---

\*Rehearing denied April 29, 1935.

448

Alex. E. Rainold, of New Orleans, for appellants.

Matthew A. Grace .and John M. Culver, both of New Orleans, for appellee.

### WESTERFIELD, Judge.

Plaintiff's automobile, driven by his son, collided with an automobile truck owned by the defendant and as a result was damaged to the extent of $128, for which amount this suit is instituted by the plaintiff. There was judgment below in plaintiff's favor and defendant has appealed.

On the morning of November 30, 1933, at about 7 o'clock a. m., the plaintiff's automobile struck the rear end of the defendant's truck, which, it is alleged, was parked on the Chef Menteur Highway in violation of Act No. 21 of 1932, § 3, rule 15 (a), which provides that "No person shall park * * * any vehicle, * * * upon the paved or improved or main traveled portion of any highway. * * *" The accident occurred at a point just beyond the industrial canal during the prevalence of a dense fog. The defendant's truck, which had stopped, according to the testimony, but a few seconds, was on the extreme right of the highway, with its right wheels resting on the shoulder. It was a plat-

form truck, with the rear end protruding two or three feet beyond the rear wheels and the paint was discolored and worn from use, a circumstance emphasized by the plaintiff as affecting its visibility. Plaintiff's automobile had been traveling just prior to the accident about fifteen miles an hour, but, finding the fog very thick, and being unable to see more than three feet in front of the automobile, the driver slowed down and was going about eight miles an hour when it struck the defendant's truck.

There is no question of the density of the fog, for all witnesses are agreed on that .point, and the defendant gives this as his reason for stopping his truck on the highway. We do not believe that the act referred to is applicable to this case because it can hardly be said that defendant's truck was "parked" on the highway. It had simply stopped for a few seconds in order that its driver might ascertain if the road was clear for further progress. In fact, the driver testified that he got out of his cab to look for vehicles directly in his path, but, in any event, the plaintiff cannot escape all responsibility for the accident.

In the case of Raziano v. Trauth, 15 La. App. 650, 131 So. 212, 213, we said, in speaking of a similar situation, that "* * * if the fog affected his [Trauth's] vision, he should not have maintained a speed of 20 miles an hour knowing that he was driving on a very narrow thoroughfare."

In O'Rourke v. McConaughey, 157 So. 598, 606, a case arising from an accident which occurred on Canal boulevard at a time when traffic was heavy in that section and during a dense fog, this court said:

"The driver of an automobile has no right to assume that the road before him is open and to proceed ahead without regard to the safety of those who may be thereon. * * * While under certain circumstances creating an emergency the rule may be different, there is little or no excuse for running into a stationary object, particularly one which has been stationary for some time before the collision, whether it be daylight or dark, clear or foggy, misty or rainy."

In Lapeze v. O'Keefe et al., 158 So. 36, 37, another case decided by this court, in which the accident resulting in the suit occurred in the nighttime in a heavy blanket of fog, we said:

"It was plainly the duty of O'Keefe to proceed in such a manner that he could stop the car when he became blinded by the enveloping

blanket of fog. His failure to do so constituted gross negligence."

The rule is that the driver of an automobile is negligent if unable to stop his car within the range of his vision. Bordelon v. T. L. James & Co. (La. App.) 148 So. 484, and cases cited; Safety Tire Service, Inc., v. Murov, 19 La. App. 663, 140 So. 879.

Plaintiff relies upon the case of Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L. R. A. 1917F, 253, from which he quotes the following:

"As a general rule, it is the duty of the driver of an automobile to maintain a speed sufficiently slow and to have such control of his car that he can stop within the distance in which he can plainly see an obstruction or danger ahead. But that rule does not apply to a case where a dangerous situation which the driver of the automobile had no reason to expect suddenly appeared immediately in front of the car.

"A person driving on a public highway, especially in an incorporated city, has a right to presume and to act upon the presumption that the way is safe for ordinary travel, even at night, and he is not required to be on the lookout for extraordinary dangers or obstructions to which his attention has not been called."

and upon Holcomb v. Perry, 19 La. App. 11, 138 So. 692, a case of the Second Circuit Court of Appeal. The cases relied on are not in point for the reason that they apply to unexpected obstructions, whereas, in the present case, it cannot be said that a motor vehicle on the roadway was an unexpected obstruction. The fact that it was standing still does not alter the situation because, under the prevailing conditions, it was to be expected that vehicles unable to move with safety should stop and await a more favorable opportunity to proceed. As was said in O'Rourke v. McConaughey, supra:

"If the fog was too dense to permit a radius of vision in which his automobile could be stopped, it was his duty to proceed no further until he could see. * * *

"If it is the duty to stop where the vision is temporarily obscured as by a cloud of dust or smoke, it is the greater obligation where the obstruction to the sight is more permanent as in a blanket of dense fog. * * *"

We reiterate what we said there and also what was said in Lapeze v. O'Keefe et al. (La. App.) 158 So. 36, to the effect that when a dense fog prevails, or any other condition which so affects the vision of a motorist as to make it unsafe to proceed, his duty is to stop and to remain stopped until such time as he can see where he is going.

For the reasons assigned the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the defendant, dismissing plaintiff's suit.

Reversed.

