## LOUISIANA POWER & LIGHT CO. v. SAIA et al.*

### No. 16563.

Court of Appeal of Louisiana. Orleans.

April 5, 1937.

*Rehearing denied April 19, 1937. Writ of certiorari granted May 24, 1937.

538

Monroe & Lemann and Robt. G. Polack, all of New Orleans, for appellant.

Robt. A. Ainsworth, Jr., of New Orleans, for appellees.

JANVIER, Judge.

This is an appeal from a judgment dismissing, on exception of no cause of action, plaintiff's suit to recover for the damage sustained by its automobile when, according to plaintiff's petition, it ran into the rear of a truck and trailer belonging to defendant Saia, which truck and trailer were "parked in a stationary position and without any lights whatsoever on said public highway * * *."

Defendant Saia, the owner of the stationary vehicles, and Continental Casualty Company, his liability insurance carrier, maintain that the exception was properly sustained, contending that, as a matter of law, it is negligence for the driver of a vehicle to fail to see and to avoid another vehicle in the roadway ahead, whether lighted or not and whether stationary or moving; that it is also negligence, as a matter of law, to operate a motor vehicle at night at a speed which will not permit of its being stopped within the distance illuminated by its headlights.

Plaintiff maintains that the mere fact that its automobile was driven by its employee into the standing vehicle does not, of itself, necessarily show contributory negligence on the part of the driver, and that in such situation there may be circumstances which, if shown, will permit the conclusion that such driver was not at fault, and that, therefore, since contributory negligence is a special defense, which must be specially pleaded, it is improper to dismiss, on exception, such a suit as this in which the contention raised by the exception is that the act of the driver of plaintiff's vehicle in running into the other was contributory negligence regardless of surrounding circumstances.

There have been a great many cases in which this and other courts have considered and discussed facts similar to those which are here alleged, and in all of them it has been held that the failure of the driver of the moving vehicle to observe the obstruction—usually in the form of a stationary vehicle—constituted such negligence as would prevent recovery. O'Rourke v. McConaughey (La.App.) 157 So. 598, 606; Hutchinson v. T. L. James & Co. (La.App.) 160 So. 447; Bordelon v. T. L. James & Co. (La.App.) 148 So. 484; Safety Tire Service v. Murov, 19 La.App. 663, 140 So. 879; Waters v. Meriwether Transfer Co., 18 La.App. 18, 137 So. 578, 581; Raziano v. Trauth, 15 La. App. 650, 131 So. 212; Sexton v. Stiles, 15 La.App. 148, 130 So. 821, 828; Blahut v. McCahil (La.App.) 163 So. 195, 197; Woodley & Collins v. Schusters' Wholesale Produce Co., Inc., 170 La. 527, 128 So. 469, 470.

But in none of those cases has this result been reached regardless of surrounding circumstances and facts. In fact, in some of them the possible effect of such surrounding circumstances has been mentioned, and in all of those in which it has been mentioned the court has been careful to say that there were not such circumstances as justified the failure of the driver to see the object ahead.

In Woodley & Collins v. Schusters' Wholesale Produce Co., supra, in which it was contended that the driver of a vehicle should always have his car under such control and moving at such speed as will permit, regardless of circumstances, of its being stopped within the distance illuminated by its headlights, the Supreme Court said that such a question "depends so much upon the circumstances of the particular case that it is not easy nor safe

to lay down a hard and fast rule on the subject."

In Blahut v. McCahil, supra, the Court of Appeal for the First Circuit clearly indicated that there should be taken into consideration the conditions affecting the visibility of the object or vehicle in the roadway ahead. Referring to the fact that the obstruction struck was a truck loaded with long pine pilings, the court said:

"There is no evidence herein to show wherein this fact affected visibility."

In O'Rourke v. McConaughey, supra, we said that, although ordinarily there is a duty in the driver of a vehicle to see any object in the roadway ahead and to operate his car at speed as will permit of its being stopped before such object is struck, nevertheless "under certain circumstances creating an emergency the rule may be different," and in Waters v. Meriwether Transfer Co., supra, the Court of Appeal, while stating that "the courts almost uniformly hold the driver of an automobile negligent when he collides with any kind of vehicle parked on the right side of a road at night, whether the parked vehicle was properly lighted or not," recognized that "there are some exceptions to the rule."

■ Thus, the allegation that the driver of plaintiff's car did not see the parked vehicle in the roadway ahead is not necessarily an admission that such failure to see was negligence since there might have been circumstances which would have justified his failure to see.

But, coupled with the allegation that he did not see, are others which seem to be submitted as explanation for his failure to see. The allegations which touch on the subject follow:

"On said date at or about the hour of 8 o'clock P. M. One Ed Sims was driving said Chevrolet coach in a northerly direction on the public highway known as the Old Spanish Trail or U. S. 90 in the Parish of Jefferson, north of the Town of Westwego, when said automobile collided with an unlighted truck and trailer belonging to defendant Louis Saia, which was parked in a stationary position and without any lights whatsoever on said public highway in the Parish of Jefferson.

"At the time of said accident it was quite dark and, although Ed Sims, who was driving petitioner's automobile, used due care in observing the highway ahead of him and was in no way negligent, he was unable to see and did not see the unlighted truck and trailer parked on the highway in time to avoid the collision.

"The said collision was not due to any fault or negligence on the part of plaintiff but was, on the contrary, caused solely and exclusively by the negligence of defendant. * * *"

■■ It will be seen that plaintiff was not content to rest on the simple allegation that its driver did not see, but has added a reason for failure to see, that reason being that "it was quite dark." It may be that there is no necessity for a plaintiff, in such a case as this, to allege reasons for failure to see. Ordinarily, vehicles properly lighted and operated are not driven into stationary objects or other vehicles standing on the highway and, therefore, it may be that when such unusual occurrences take place the burden of explanation is placed upon the party who appears to be responsible for such an occurrence. Hamburger v. Katz, 10 La.App. 215, 120 So. 391. But on that question we find it unnecessary to express an opinion because we feel that, even though it be conceded that there is no duty to offer an explanation, still, if one is offered, the case should stand or fall on that explanation, and, if it is found that the explanation is not sufficient, then the party offering it should not be heard to contend that the duty of explaining was not upon him. Plaintiff here, having alleged that its driver could not see because "it was quite dark," should not later be heard to say or to offer evidence to prove that the driver could not see because the vehicle in the roadway ahead suddenly emerged from a side road, or was painted in such a way as to render it obscure, or to present evidence touching upon any other circumstance not alleged.

■ It is well settled that the mere darkness of the night is not an excuse. Act No. 21 of 1932, § 9(g), requires efficient headlights. The jurisprudence to which we have referred has firmly established the rule that such headlights be of sufficient strength to illuminate the roadway and obstructions thereon far enough in advance to permit of the vehicle's being stopped within the distance illuminated by those lights.

■ Plaintiff's allegations on the subject can be construed as affirmatively

charging that the driver did not see for the reason that the night was dark and that there was no other reason. The petition, then, sets forth affirmatively all the facts to which plaintiff may point as justifying the failure of its driver to see, and those facts, we believe, do not justify that failure.

 It is true that it was said. in Saks v. Eichel (La.App.) 167 So. 464, and that the Supreme Court, in Gibbs v. Illinois Cent. R. Co., 169 La. 450, 125 So. 445, laid down the rule, that it is not proper to dismiss a suit sounding in damages on exception of no cause of action unless the petition sets forth affirmatively facts which show that no cause of action exists, but here we think that the petition affirmatively shows the absence of a cause of action and that, therefore, the suit was properly dismissed on exception in the court below.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.

Affirmed.