This is a suit for damages resulting from an automobile collision. Plaintiff, Miss Odette Thiaville, alleges that, on November 12, 1944 at about 7 a.m., while she was driving her automobile on Gentilly Highway in the city of New Orleans in the direction of Chef Menteur, Louisiana, she encountered a very heavy fog, which was so dense as to make further driving exceedingly dangerous; that she pulled her car off of the roadway and onto the shoulder thereof, where she turned off her engine and parked with her lights burning; that, while she was thus parked, an automobile owned and operated by James B. Toups approached from the rear at a high rate of speed and crashed into her automobile and that, as a result of the accident, her car was badly damaged and she received personal injuries. Alleging that the collision was caused solely by the carelessness of Toups, she sought recovery against him and his liability insurance carrier, Employers Liability Assurance Corporation, Limited, of $1,000 for her personal injuries and $587.38 for the damage to her automobile.
The defendants admitted the accident but denied that Toups was guilty of negligence. In the alternative, they pleaded that plaintiff's recovery should be barred in any event because she was guilty of contributory negligence — in that she parked her car on a public highway, without lights, when she knew or should have known that she was creating a hazard to vehicles approaching from the rear and in that she failed to park the vehicle completely off the highway and on the shoulder of the road. In addition, defendants filed a reconventional demand for $443.12, representing the damage sustained by the Toups automobile.
After a trial in the lower court on the foregoing issues, there was judgment in plaintiff's favor for damages in the sum of $847.38 and defendants' reconventional demand was dismissed. Defendants have appealed and plaintiff has answered, praying for an increase in the award below. *Page 362 
[1] An examination of the record of the case exhibits beyond any doubt that Toups was guilty of the grossest sort of negligence. The accident occurred on the Gentilly Highway on a dark and foggy morning. Gentilly Highway is the main artery for vehicular traffic leading from and into the city of New Orleans to and from the east. It is a wide, paved, four lane highway separated by a neutral ground. There are two outbound lanes and two inbound lanes. On the morning of the accident, plaintiff, accompanied by her sister and two colored workmen, was travelling east on the highway. As she neared "Nine Mile Post", she encountered a heavy fog which was so dense that her visibility of the roadway was obscured. Confronted by this fog, she stopped her car either on the right-hand shoulder of the roadway or partially thereon, where she remained, with her lights burning, for approximately ten or fifteen minutes. While thus parked, Toups, driving his automobile into the fog at an admitted speed of 35 miles an hour, crashed into the rear of plaintiff's car. The impact was so violent that, as a result thereof, plaintiff's car was propelled forward from its parked position a distance of between 75 and 100 feet, where it finally came to rest against a fence on the right-hand side of the road and sustained damages amounting to $597.38. The Toups car was also damaged to the extent of $443.12.
[2] The only explanation offered by Toups for the accident is that he was suddenly confronted with a blanket of fog and that he struck plaintiff's car while he was attempting to bring his automobile to a stop. This weak excuse can avail Toups naught for he owed a legal duty to the public to have his car under control and to refrain from operating it at a speed and in such manner as might cause injury to others.
We further fail to see any merit in defendant's plea that plaintiff was guilty of contributory negligence. The record reveals to our satisfaction that she followed a most reasonable course and acted with prudence in stopping her car when she drove into the heavy fog. She says (and three other witnesses corroborate her) that her car was brought to a stop on the shoulder of the road. Toups denies this and asserts that it was stopped in the right, or slow lane, of the highway. The judge evidently accepted plaintiff's testimony on this disputed fact and we think he was justified in so doing.
Apart from this, even though we thought that Toups' testimony (that plaintiff's car was parked in the slow traffic lane) should prevail, this would not furnish, of itself, a sufficient reason to condemn plaintiff as negligent. Since the record discloses that the fog was very thick and that vision was limited to a few feet, plaintiff manifestly encountered considerable difficulty in determining the width of the shoulder of the road and it might have been exceedingly hazardous for her to proceed too far thereon. Hence, if she failed to park entirely on the shoulder, we cannot regard her error as legal fault.
[3] Moreover, even if we believed that plaintiff parked wholly in the roadway and was at fault in so doing, her negligence in this respect had become passive at the time of the accident. In such case, the doctrine of last clear chance would be applicable under the well-established jurisprudence of this state. See Raziano v. Trauth, 15 La. App. 650, 131 So. 212; and O'Rourke v. McConaughey, La. App., 157 So. 598; and authorities there cited.
[4, 5] The only other question involved in the case is the quantum of damages. Included in the allowance of $847.38 is $597.38 for the damage sustained to plaintiff's car which is amply proved by the evidence. The judge, therefore, awarded plaintiff $250 for personal injuries. Defendants say that, since plaintiff sustained mere scratches, contusions and bruises which were not confining, a judgment of $100 would be ample. Plaintiff, on the other hand, contends that the award is inadequate. For our part, we think that the allowance is correct and fully sustained by the jurisprudence.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 363