REGAN, Judge.
Plaintiff, John F. Burger, the owner of an Oldsmobile sedan, instituted this suit against the defendants, T. Smith & Son, Inc., and its insurer, the Employers Group Insurance Companies, endeavoring to recover the sum of $303.80 representing property damage incurred on March IS, 1955, at 3:00 P.M. when plaintiff’s vehicle, while partially parked on a railroad track, was struck by an unattached railroad car, which was set in motion by the employees of Smith.
Defendants answered and denied that Smith’s employees were guilty of any negligence and that the damage incurred by plaintiff resulted from his own fault in parking his vehicle in a prohibited area and on or too close to an active railroad track; in the alternative, defendants pleaded the contributory negligence of the plaintiff.
The facts are simple and relatively undisputed. The accident occurred on the riverside wharf located between Napoleon Avenue and Jena Street in the City of New Orleans. Plaintiff, the Port Steward for the United Fruit Company, inadvertently parked his car with the rear end thereof near to a railroad track in what is conceded to be a “no parking” area, but one which the record established was customarily used as such by those who have business to *35 transact in the vicinity of what is designated as the Napoleon Street wharf. He left his keys in the ignition in the event it was necessary to move the car and then walked onto the wharf to attend to his company’s business.
Shortly thereafter Smith’s employees became engaged in moving a railroad car in the direction of the parked vehicle, pushing it with a small diesel engine. Four of Smith’s men were involved in this activity: Captain John Brady, in charge of the crew, who was walking ahead of the railroad car, Wilbert Wilson, the operator of the diesel engine which was pushing the railroad car, Earl and Joseph Combs, both ahead of the railroad car to ascertain that the track was clear, the first named walking very near it carrying a “four inch by four inch chock” which was to be used if necessary to stop the car and the latter stationed some fifty feet away in the “doorway” of the wharf to prevent the entrance of traffic during these maneuvers.
Wilson was pushing the empty railroad car so as to create space for the “spotting” of a full car. It was his intention to move the car only fifty feet. This specific area of the track was clear and unobstructed. While the car was in the process of being pushed it rolled over a slight elevation in the track which existed as the result of joining the new and old sections of the wharf together. This, it is explained by several of Smith’s employees, created an impetus which caused the railroad car to move further along the tracks than was anticipated and into the parked automobile. On the other hand, Earl Combs in relating his slightly different version of the accident testified that “when he[1] shoved the car, it rammed the other car [2] and it didn’t couple up and I noticed that the car kept on rolling and we tried to stop it with a four by four. * * * ” In any event, when the employees noticed that the car was rolling free and would probably strike plaintiff’s automobile, Brady jumped into the parked vehicle and made an effort to move it while Earl and Joseph Combs attempted to chock the wheels of the moving railroad car with a long piece of wood measuring 4" x 4". Despite these efforts of Smith’s employees to avert the collision and resulting damage they were unsuccessful.
It is conceded that plaintiff was negligent in parking his vehicle in an area where parking was prohibited and on or too close to the railroad track and it is likewise conceded that Smith’s employees were fully aware of both the existence and the situs of this parked car, therefore, the only question which is posed for our consideration is whether Smith’s employees possessed the last clear chance to avoid the accident?
In our opinion the record reveals that Smith’s employees did possess the last clear chance .of avoiding this accident. A brief resume of the testimony of these employees will emphasize our reason for this conclusion.
Wilson, the operator of the diesel engine vacillatingly testified that he had moved cars over these tracks on other occasions and that he was acquainted with the “incline” or slight elevation in this track. He related that he was pushing the “gondola to make room for the loading and it hit an incline in the wharf there * * * that caused the car to keep on moving. * * * The automobile was sticking out a little on the edge of the track and we thought the car would pass the automobile, but it could not. * * * The car rolled and we tried to stop it. I thought we could pass the automobile, one end was clear but the back end was not clear. It was not my intention to shove it that far, but it rolled on a little bit.”
Earl Combs, who was walking about four feet in front of the car and “watching” *36 related that he noticed the automobile but he “did not think it was in the way” and that he did not notice this “slight incline” in the tracks until the railroad car was moving over it.
Joseph Combs testified that he had positioned himself “by the door” about fifty feet in front of the railroad car and that the automobile was located between him and the railroad car when he gave the operator the signal to “come on.”
Captain Brady testified that he was in charge of the operation and was walking “ahead of the car” and when he noticed that the car was going to strike the automobile “he jumped into the automobile” and endeavored to move it, then “jumped out” before the collision occurred.
In this instance the negligence of the plaintiff, which is conceded, had become passive and the employees of Smith possessed the last clear chance of avoiding the accident, since they were fully aware of both the existence and the location of plaintiff’s car. The whole tenor of the record implies that the damage to plaintiff’s vehicle occurred because Smith’s employees were guilty of a combination of errors — ■ initially, in their unreasonable belief that this car would safely pass the plaintiff’s vehicle without striking it and secondly, they pushed the railroad car with more force than was intended, or necessary under the circumstances, thus causing it to roll too far, but error is not inconsistent with fault. This is too well settled to need citation in support thereof. In view of the fact that Smith’s employees actually knew or should have known that plaintiff’s automobile was in a perilous position, the exercise of simple caution would have avoided the collision and the damages that resulted therefrom. The rationale upon which this decision is predicated has been expressed heretofore in innumerable cases. See Raziano v. Trauth, 1930, 15 La.App. 650, 131 So. 212; O’Rourke v. McConaughey, 1934, La.App., 157 So. 598; Thiaville v. Toups, 1946, La.App., 25 So.2d 361; Schneller v. Handy, La.App., 93 So.2d 238.
Respective counsel have agreed that the automobile incurred damages in the amount of $303.80, the amount sued for.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the plaintiff, John F. Burger, and against the defendants, T. Smith & Son, Inc., and the Employers Group Insurance Companies, in the full sum of $303.80, together with all costs.
Reversed.

. Wilson, the operator of the diesel tractor or engine.

. Apparently there were two railroad cars on this track, the empty and the full car, positioned one behind the other.