REGAN, Judge.
Plaintiffs, Cornelius Schneller and his wife, Inez Schneller, the respective owner and operator of a 1947 Pontiac automobile, towing a one-half ton Knox semi-trailer, instituted this suit against defendants, Er: nest Handy, the chauffeur, W. Horace Williams, the owner of a 1949 Packard Sedan, and his liability insurer, Employers Liability Assurance Corporation, endeavoring to recover the sum of $4,502.76, representing property damage, personal injuries and medical expenses incurred by the plaintiffs as a result of a rear end collision between the respective vehicles in Highway 90 on November 27th, 1954, at about 9:45 p. m.
Defendants answered .and denied that Handy, the operator of the vehicle was at fault and asserted that the joint and concurrent negligence of the plaintiffs was the proximate cause of the accident; in the alternative the defendants pleaded the contributory negligence of the plaintiffs.
*240 From a judgment in favor of the defendants dismissing plaintiffs’ suit they have prosecuted this appeal.
The facts are relatively simple. The night of November 27, 1954, was dark, foggy, misty and the roadway was wet. Mrs. Schneller was driving the family automobile to which an open trailer was attached in U. S. Highway 90, moving east or towards the Mississippi Gulf Coast. She was accompanied by her husband and son, who occupied the right front seat and Mr. and Mrs. Marshall Cassreino and their two minor children, who occupied the rear seat. Shortly before the accident occurred she stopped and parked [1] in or partially off of the right lane of the eastbound roadway about two hundred and fifteen feet east of or beyond the last elevated bridge located a short distance from Pearl River; her purpose was to clean the windshield which had become so clouded by the inclement weather that her vision was completely impaired. She alighted from the vehicle and started to wipe the windshield when she noticed the headlights of the Williams vehicle approaching. She quickly moved from the left side of her car to the front thereof which she believed to be a position of safety. She was standing there when the collision occurred which, in the chain of events that ensued, caused her to be knocked to the ground and rolled upon by the right front wheel of her automobile. Her husband and Cassreino subsequently extricated her from this position.
The Williams vehicle was moving about twenty-five to thirty-five miles per hour in the same direction. It was operated by Ernest Handy, Williams’s chauffeur. Williams occupied the right front seat and his wife and their guests Mr. and Mrs. Ernest Spence were the occupants of the rear seat.
Plandy testified that he was driving twenty-five to thirty-five miles per hour through intermittent patches of fog when he suddenly [2] discerned the hazy outline of plaintiffs’ vehicle parked in the right lane of the eastbound roadway. He then simultaneously steered to the left thereof and applied the brakes which caused the right rear fender of his car to skid into the left rear end of the trailer, resulting in the plaintiffs’ car, which was attached thereto, to be pushed forward and roll upon Mrs. Schneller as related hereinabove. After the accident he did not observe any taillights burning on the trailer.
Williams, in relating his version of the accident, very pertinently testified in response to the question, when did you first see the plaintiffs’ vehicle in the roadway “When I got over the center of the bridge.[3] I could not see it from the other side. * * * As I got over the top of the bridge, I looked ahead and saw some object indis-cernibly due to the particular condition of the weather. * * * I told the chauffeur, Ernest,[4] there is something ahead of us * * * and when we got down to the bottom of the bridge I told Ernest that is a car, I don’t know if it is going or standing still.” When asked “But you did caution your chauffeur * * * about this object?”, he responded “To slow down * * * yes, that is right * * *. I don’t think that he got down below 25, maybe 20, but he did drive very carefully. He did not know whether it was going or stopped at that time.”
Plaintiffs contend that Handy exemplified the grossest negligence in driving at an excessive speed when his vision of the roadway was impaired by the inclement weather and finally that he possessed the last clear chance to avoid the accident.
*241 Defendants, on the other hand, deny that Handy was at fault and assert that the accident was caused by the negligence of the plaintiffs in parking their vehicle at night, in the main travelled portion of the highway, in a fog bank, and, in the alternative, pleaded the contributory negligence of the plaintiffs.
Plaintiffs, by invoking the doctrine of the last clear chance, have, in effect, conceded their own negligence, which we have little doubt of. They parked in the main travelled portion of the highway, at night, in a fog bank, when they were fully aware of the feasibility of parking on the shoulder thereof; however, plaintiffs’ negligence had become passive at the time that the accident occurred and we, therefore, are of the opinion that the doctrine of last clear chance is applicable herein. Williams testified that when they reached the top of the bridge, a distance of approximately 215 feet removed from the situs of the accident, he informed his chauffeur that he noticed an “indiscernible” object in the roadway and that he should proceed with caution; as he was leaving the bridge, he again cautioned Handy that he believed the object to be an automobile parked or moving slowly in the roadway, nevertheless, Handy continued driving at a speed of twenty to twenty-five miles per hour with very poor visibility of the roadway until he was too close to avoid colliding with the left rear end of the plaintiffs’ trailer. We are convinced that if Handy had exercised the slightest caution commensurate with the prevailing condition of the road, the weather and the darkness, he could easily have avoided both the collision and the injuries which resulted therefrom. If the fog was too dense to permit a radius of visibility in which his automobile could be stopped, it was his legal duty to move no further until he could see. Raziano v. Trauth, 1930, 15 La.App. 650, 131 So. 212; O’Rourke v. McConaughey, La. App.1934, 157 So. 598 and cases cited therein; Thiaville v. Toups, La.App.1946, 25 So.2d 361.
Mrs. Schneller was removed from the scene of the accident to the Baptist Hospital by ambulance where she was confined for about two days. She was examined by Dr. Henry McGee. He testified that she was “suffering some multiple bruises of the body, and of the chest * * * ” which “were not severe but they were painful under the emotional strain * * For three weeks after the accident she was given sedation to induce sleep and to alleviate the frequent occurrence of nightmares. Mrs. Schneller related that for two weeks after being discharged from the hospital she was unable to perform her usual household duties and was unable to resume her employment for a period of four weeks. We are of the opinion that $1,000 should amply compensate Mrs. Schneller for her injuries.
Respective counsel have agreed that the cost of repairing plaintiffs’ vehicle amounted to the sum of $108.66 and that the repairs to the trailer cost $37.60. It is also agreed that the plaintiffs expended the sum of $35.70 for ambulance service, $75.50 for hospital bills, $25.00 for medical service and $12.00 for damage to Mrs. Schneiler’s coat.
In the lower court the plaintiffs abandoned their claim of $187.50 for loss of wages.
While this case was pending on appeal ■W. Horace Williams died. By stipulation of respective counsel filed in this court it was agreed that they do not desire that Williams’ legal representatives or heirs be substituted as parties defendant herein and it is now their desire that this action be dismissed as to the decedent W. Horace Williams, his legal representatives and his heirs with prejudice as to them, but with full reservation of and without prejudice to any of plaintiffs’ rights against either of the other defendants herein.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be *242 judgment herein in favor of the plaintiffs, Mr. and Mrs. Cornelius Schneller, and against the defendants, Ernest Handy and Employers Liability Assurance Corporation, in solido, in the sum of $1,294.46 and for all costs.
Reversed.

. The evidence preponderates to the effect that the automobile’s headlights and the trailer’s taillights were burning at that time.

. When he was five or ten feet removed therefrom.

. Which was approximately 215 feet removed from the situs of the accident.

. The chauffeur admits that Williams spoke to him shortly before the accident, but that he did not hear what he said.