JANVIER, Judge.
At about 1:30 o’clock in the early morning on November 27, 1954, a Ford Convertible automobile belonging to Robert A., Campbell, which had been on its way towards New Orleans and was standing stationary on the Mississippi River Bridge just above New Orleans, was run into from. *503 the rear by a car which belonged to and was driven by Donald J. Cavalier.
Campbell had secured a policy of collision insurance from Pacific Indemnity Company and that Company, having paid all but $100 of the cost of repairing Campbell’s car and, having obtained from Campbell a subrogation pro tanto against anyone who might be liable, joined with Campbell and brought this suit against Cavalier, the insurance company praying for judgment in the sum of $183.76 and Campbell praying for judgment in the sum of $100.
Plaintiffs alleged that the accident resulted from negligence of Cavalier in failing to have his car under proper control while operating it at too high a rate of speed and too closely behind the car of Campbell which, it is alleged, was moving forward at the time.
Defendant, Cavalier, denied any negligence on his part, and averred that the sole cause of the occurrence was the fact that, after Campbell had brought his car to a stop in the left lane of the two-lane roadway, making it necessary for Cavalier to pass the stationary Campbell car on its right side, a passenger in the Campbell car suddenly opened the right front door of that car with the result that there remained not sufficient roadway for defendant’s car to pass without striking the open door and possibly also striking the passenger who was opening the door, and who might be expected to alight from that doorway.
Defendant contends that it appeared best to him to swerve slightly to his left and into the rear of the stationary Campbell car rather than to continue on his course which would have endangered the passenger who was apparently about to alight.
Cavalier also alleged in the alternative that Campbell was guilty of contributory negligence in stopping his car on the left side of the road and in permitting a passenger to open the door “in the face of the oncoming traffic.”
There was judgment dismissing the suit of plaintiffs and they have appealed.
It was agreed that if there is liability in defendant, which is denied, the total amounts of the judgments in favor of plaintiffs should be $185.
The record makes it clear that the Campbell car was not moving forward at the time. Campbell had stopped his car because another car had stopped immediately in front of his and he says that both the car ahead of him and his car were stopped partially in the right lane and.that it would have been impossible for Cavalier to pass to the right even if the door had not been opened, and that thus it must appear that the true cause of the accident was the fact that Cavalier was driving too closely in the rear and could not have brought his car to a stop in any event. Campbell bases this contention on his statement that, although still another car which was ahead of the Cavalier car had passed to the right of the two stationary cars, it does not necessarily follow that Cavalier also could have passed since, as counsel for plaintiffs put it in their brief, “cars vary greatly in size and drivers differ in skill”.
In spite of Campbell’s statement that Cavalier was not attempting to pass on the right and that Cavalier actually was driving too closely behind him when he stopped, the record makes it certain that Cavalier’s version of the occurrence is the correct one.
We are convinced that, when the Campbell car and the car ahead of it had come to a stop so that Campbell and the other driver might amicably or otherwise adjust a personal difficulty which had arisen between them and which had caused them to stop, Cavalier could have passed both cars on the right and that the only reason for his swerve into the rear of the Campbell car was the sudden and unexpected opening of the right door of that car.
It is conceded, as of course it must be, that it is well settled that when a follow *504 ing :ar runs into the rear of a leading car or into a stationary car, ordinarily there is liability in the operator of the second car (Raziano v. Trauth, 15 La.App. 650, 131 So. 212), and in order to avoid being held liable, the driver of the following car must point to most unusual circumstances. Gaiennie v. Cooperative Produce Co., 196 La. 417, 199 So. 377; Washington Fire & Marine Ins. Co. v. Travelers Indemnity Co., La.App., 86 So.2d 743. In Woodall v. Southern Scrap Material Co., La.App., 40 So.2d 495, 498, in considering a case in which a second vehicle ran into the rear of one which was ahead, we discussed certain decisions of the Supreme Court and then said:
“It is also settled that there may be exceptional circumstances which will serve to exculpate a driver * *
And we believe that those exceptional circumstances existed here.
Ordinarily a following car should not attempt to pass on the right of another car, but when that other car is standing stationary in the left lane of the highway, it cannot be said that the driver of the car which must pass must wait until the driver of the stationary car sees fit to move it forward and into the correct lane of traffic.
Cavalier was within his rights in attempting to pass to the right of the Campbell car, and he could have done so had it not been for the sudden opening of the door of that car. He was justified in concluding, in the very short period of time which remained to him, that it would cause less damage and certainly less personal injury for him to swerve into the rear of the car itself rather than to go forward and possibly injure some person. We find no fault in Cavalier.
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.