AYRES, Judge.
This is an appeal by plaintiffs from a judgment dismissing their suit ex delicto in *58 response to an exception of no cause of action.
The basis of the exception is that plaintiffs’ petition affirmatively discloses contributory negligence on the part of plaintiff driver in violation of LSA-R.S. 32:233 and 32:234, that is, by attempting to pass a forward vehicle on its right.
Inasmuch as we are required, on trial of an exception of no cause of action, to accept as true all well-pleaded allegations of fact, a brief review of the material and pertinent facts is deemed necessary. From plaintiffs’ allegations, we are informed that the accident occurred on South Second Street in the City of Monroe. Involved were plaintiffs’ Pontiac Sedan, driven by plaintiff Laverne Jones, and a Chevrolet pickup truck of defendant Tidwell, operated at the time by his employee. Both vehicles were proceeding in a northerly direction, with defendant’s truck in the lead, followed by a line of vehicles, with plaintiffs’ automobile immediately to the rear of the truck. Defendant’s driver stopped some distance south of the intersection of South Second Street with the Winnsboro Road, approximately in the middle of the block. He extended his left arm and hand, - indicating his intention to make a left turn. In this position, the truck and the driver remained as long as one or two minutes awaiting the meeting and clearing of oncoming traffic so as to permit the driver to execute indicated movement. Plaintiff driver stopped to the rear of the truck, but, on observing a wide shoulder to her right, she attempted to pass defendant’s truck to its right and on the shoulder of the street. When alongside the front of defendant’s truck, defendant’s driver suddenly started and turned, or swerved, to the right, striking plaintiffs’ vehicle, causing the damages and inflicting the injuries for which plaintiffs seek to be compensated through this action.
 First, it must be observed that the violation of a statutory prohibition is not sufficient in itself to constitute actionable negligence. The rule is well established that the violation of a statutory requirement plays no part in the final analysis of a tort action unless there is a causal connection between such violation and the resulting accident. Cone v. Smith, La.App. 2d Cir., 1954, 76 So.2d 46 (writs denied); McNulty v, Toye Bros. Yellow Cab Co., La.App.Orleans, 1954, 73 So.2d 23; Vernaci v. Columbia Cas. Co. La.App.Orleans, 1954, 71 So.2d 417; Mellow Joy Coffee Co. v. Continental Cas. Co., La.App. 1st Cir., 1953, 63 So.2d 888; Todd v. New Amsterdam Cas. Co., La.App.Orleans, 1951, 52 So.2d 880; Kemp v. Donnes, La.App.Orleans, 1947, 32 So.2d 383 (writs denied) ; Williams v. Pelican Creamery, La.App. 1st Cir., 1947, 30 So.2d 574.
No causal connection between the attempt to pass upon the shoulder and the accident is disclosed or shown by plaintiffs’" allegations. The forward vehicle had stopped; the driver signalled for a left turn; and’the vehicle remained stopped for an appreciable length of time when plaintiff driver attempted to pass to the right. Ordinarily, a following .vehicle should not, however, attempt to pass on the right of another car, but, when that car is standing stationary, it cannot be said that the driver of a car which must pass must wait until the driver of the stationary car sees fit to move-it. Pacific Indemnity Company v. Cavalier, La.App.Orleans, 1957, 97 So.2d 502.
In the case immediately cited, plaintiff stopped his automobile on a bridge, at night, on the left of a 2-lane roadway, and defendant, following plaintiff’s automobile, could" have passed to the right thereof, but a. passenger in plaintiff’s automobile suddenly and unexpectedly opened the right front door of plaintiff’s car. Such circumstances were unusual and exceptional, and it was-held that defendant was not negligent in swerving his automobile to the left and into the rear of plaintiff’s automobile, rather than continuing forward which would have endangered a passenger apparently about to alight from an automobile..
*59 The unusual and unexpected circumstance in the instant case is that after defendant’s driver had stopped and given a signal of a left turn, the driver suddenly, without notice or warning, swerved to the right as plaintiff’s vehicle was in the act of passing.
Cited in support of the judgment sustaining the exception is Myers v. Traders & General Insurance Company, La.App. 2d Cir., 1955, 81 So.2d 130. That case is clearly distinguishable, upon its facts, from the instant case. Plaintiff in the cited case relied upon an erroneous presumption that a preceding vehicle would stop on the left of the highway. There, however, was no indication that the driver of the vehicle intended to do anything other than continue down the highway. As stated, there was every indication, in the instant case, that the forward vehicle would turn left, as the truck was stopped awaiting the passage of oncoming vehicles and the driver had given a left-turn signal. No indication whatsoever was given that the driver would attempt a right-hand turn. Thus, it appears, from plaintiffs’ allegations, that there was no compliance by defendant’s driver, as to a right turn, with the provisions of LSA-R.S. 32:236, subd. A, relative to signals for stopping, starting, or turning. This section provides that
“The driver of any vehicle upon a highway of this state, before starting, stopping or turning from a direct line shall first see that such movement can ■he made in safety, and, if any pedestri■an may be affected by such movement, shall give clearly audible signal by sounding the horn; and, whenever the ■operation of any other vehicle may be affected by such movement, shall give a signal as required in this Section, plainly visible to the driver of such other vehicle, of the intention to make such movement.” (Emphasis supplied.)
For the aforesaid reasons, and after an ■examination of plaintiffs’ petition in its entirety, we find no allegations warranting a conclusion that plaintiffs’ driver was guilty of negligence constituting a causal factor or connection in the occurrence of the accident, or that she was guilty of contributory negligence.
Therefore, the judgment appealed is annulled, avoided, reversed and set aside, and the exception of no cause of action is overruled; and, accordingly, this case is remanded to the Honorable, the Fourth Judicial District Court in and for Ouachita Parish, Louisiana, for further proceedings in accordance with law and consistent with the views herein expressed.
Defendants-appellees are assessed with the cost of this appeal. The assessment of all other costs shall await final judgment.
Reversed and remanded.