PRICE, Judge.
This is an action for damages arising out of a motor vehicle collision on February 28, 1968, between plaintiff’s 1965 Buick, driven by Mrs. E. H. Gleason, Jr., and a 1964 Oldsmobile owned by the defendant, Mrs. Nautis V. Posey, driven at the time by her minor son, Mark S. Posey.
The accident occurred at the intersection of Rutherford Street and Line Avenue in Shreveport, Louisiana.
The plaintiff has appealed from a judgment in favor of the defendant which rejected the plaintiff’s demands at his cost.
Most of the salient facts are uncontro-verted. Both vehicles were proceeding in a westerly direction at a point where Rutherford Street intersects Line Avenue. The weather was described as rainy and the streets wet. Petitioner’s vehicle was in the lead with defendant’s vehicle following directly behind it at the time of the collision. The testimony of the parties and witnesses is very clear in setting forth exactly what happened.
*220 Mrs. Gleason, driver of the lead vehicle, testified as follows:
“I was sitting at a stop sign on the corner of Rutherford and Kings Highway (Line Avenue). I had been sitting there quite awhile — I would say, I don’t know, I am not an expert on time, but two or three minutes. And I took my foot off the brake and rolled up just a little bit to get a better view, because the stop sign is about, I would say, about ten or twelve feet from the corner and I couldn’t see the oncoming traffic coming up Line Avenue over here. I braked again and sat there momentarily and I was hit from the rear.”
Under cross-examination she was asked:
“Q. Mrs. Gleason, you stopped at the stop sign and then pulled up and stopped again, and that was when you were hit. Is that correct?
“A. Yes, sir.
“Q. Did you notice this car behind you before the accident happened?
“A. No, I didn’t. I was paying attention to the oncoming traffic on Line Avenue, which was very heavy at the time.”
Mrs. J. W. Staples, Jr., who was seated in petitioner’s vehicle, clearly corroborated petitioner’s testimony, and further noted that there was a concrete obstruction which blocked petitioner’s view and caused her to ease up and stop for a second time in order to obtain a better vantage point.
Mark S. Posey, driver of the following vehicle, described the accident as follows:
“Well, Mrs. Gleason pulled out — she came to the stop at the stop sign, and Louis Miller was with me as a witness, and she pulled out to check the traffic, to the first lane of Line Avenue, the right-hand lane. She pulled the car partially out in there and so I moved up to take my place in line and check the traffic too, and she stopped and the road was slick and I stopped and rolled into her actually is what happened.”
Posey admitted that he was following five or six feet behind the Gleason vehicle prior to the collision. A witness in the Posey car testified that they were stopped a few feet behind petitioner’s vehicle as it was about to negotiate a left turn onto Line Avenue when the traffic cleared. He stated that petitioner’s vehicle started out as if to turn onto Line Avenue, and as they rolled up to take their position at the stop sign the lead vehicle stopped again, and the collision resulted.
In determining which of these drivers was at fault in this accident we refer to the cases of Pacific Indemnity Company v. Cavalier, 97 So.2d 502, 503-504 (La.App. Orl.1957), and Vander v. New York Fire and Marine Underwriters, Inc., 192 So.2d 635, 637-638 (La.App., 3d Cir. 1966), which set forth the law on the duty of a following motorist. In the Pacific Indemnity Company case the court laid down the following rule:
“It is conceded, as of course it must be, that it is well settled that when a following car runs into the rear of a leading car or into a stationary car, ordinarily there is liability in the operator of the second car. (Raziano v. Trauth, 15 La.App. 650, 131 So. 212), and in order to avoid being held liable, the driver of the following car must point to most unusual circumstances.”
In the Vander v. New York Fire case the Third Circuit ably described any duty owed by the lead car to the following vehicle as follows:
“The driver of the lead vehicle owes no duty of the following driver, except to use the road in the usual way, in keeping with the laws of the road, and until he has been made aware of the presence of such rear car by signal or otherwise, he has the right to assume that there is no other vehicle in close proximity in his rear or, if there is one there; it is under *221 such control as not to interfere with his free use of the road in any lawful manner. Greer v. Ware, 187 So. 842 (La.App. 2d Cir., 1939); Billiot v. Noble Drilling Corporation, 236 La. 793, 109 So.2d 96 (1959); Foster v. Phoenix Insurance Company, 146 So.2d 647 (La.App. 1st Cir., 1962).”
In applying these principles to the instant case, Mrs. Gleason was stopped at a stop sign about twelve feet from the intersection. At that point, she was unable to clearly ascertain whether she could enter Line Avenue, thus she rolled forward to a position of clearer visibility, and on braking for a second time her vehicle was struck from the rear by the Posey vehicle. Mrs. Gleason was clearly using the road in the usual manner by making absolutely certain that her entry onto Line Avenue could be executed safely. Her actions in rolling forward and braking a second time in order to attain a better view were certainly reasonable in light of the obstruction of view at this intersection. She was under no duty to maintain a lookout to the rear of her vehicle as she had a right to assume that any following vehicle was obeying the laws of the road in not following too closely, and in keeping his vehicle under proper control so as not to interfere with her use of the road in any manner.
The driver of the following vehicle in this instance should have been aware that the ingress of a vehicle from a non-favored street into Line Avenue, which is a heavily traveled four-lane thoroughfare, would be a very hazardous maneuver. He should, therefore, have maintained a very close lookout for a sudden or emergency stop by the preceding driver who is attempting to execute this hazardous maneuver. By failing to maintain a proper lookout and have his vehicle under proper control, Posey was guilty of negligence which was the proximate cause of this accident.
Plaintiff sues for a total of $575.00, representing cost of repairs to his automobile and for loss of use of same. No evidence was presented for the loss of use. The cost of repairs of the automobile was proven to be $174.77.
For the foregoing reasons, the judgment appealed from is reversed and it is therefore ordered, adjudged and decreed that there be judgment in favor of plaintiff, E. H. Gleason, Jr., and against defendant, Mrs. Nautis V. Posey, in the sum-of $174.-77, together with legal interest from judicial demand until paid, and for all costs, including costs of this appeal.