449 So.2d 705 (1984)
Willie Bell McKINLEY
v.
BEKINS MOVING & STORAGE CO., INC., et al.
No. 83-CA-627.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1984.
Rehearing Denied May 17, 1984.
Edmond R. Eberle, New Orleans, for plaintiffs-appellants.
Garrity & Webb, Robert T. Garrity, Jr., Harahan, for defendant-appellee.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
Appellants appeal from a jury verdict in the trial court awarding them $1,600.00 in damages ($800.00 per plaintiff, which included medical expenses), and finding one plaintiff, Joyce McKinley, 10% (comparatively) negligent in a rear-end collision involving injuries to both petitioners. We affirm the judgment.
*706 On September 16, 1981, Joyce McKinley was the driver of a vehicle in which Willie Bell McKinley was a passenger. They were at the west traffic circle, approaching the Huey P. Long Bridge, on Louisiana Highway 18. The parties testified that the road was heavily congested with bumper-to-bumper traffic and stop-and-go driving for about one mile back as the vehicles on Highway 18 attempted to merge, at a yield sign, into the circle. Traffic within the circle was heavy and going very fast. As each preceding car merged into the circle, the next car would approach the yield sign, waiting for the opportunity to proceed. Plaintiff's vehicle was immediately in front of defendant's. When the McKinley vehicle reached the sign, it either started briefly forward (a car length or one-half car length) and stopped, or had never begun to advance (defendant claimed the former, plaintiff the latter). In either case, defendant, Bowman, proceeded forward, looking to his left into the circle as he did so, to check oncoming traffic; he looked ahead just in time to see plaintiff's car at a full stop, apply his brakes, and collide into the rear of the McKinley auto.
With the above facts, the jury by special award found Bowman 90% negligent and McKinley 10% negligent (according to the jury interrogatories). The jury apparently found that McKinley's conduct of starting forward and then suddenly stopping was a contributing factor and that she was partially at fault for this particular accident.
Generally, the following driver in a rear end collision is considered to be at fault, except when the driver of the lead vehicle negligently creates a hazard which the following vehicle cannot reasonably avoid. See Vander v. New York Fire & Marine Underwriters, Inc. 192 So.2d 635 (La.App. 3rd Cir.1966).
Although we do not want to indicate that the lead driver in these circumstances at a yield sign will always, as a matter of law, necessarily be held to be at fault, under the specific circumstances of this case, we cannot say that the jury (the trier of facts) committed manifest error in its factual determination that Joyce McKinley's actions were a contributing cause of the accident.
Likewise with regard to the monetary damages awarded by the jury, we find that $800 for each plaintiff was within the sound discretion of the trier of fact and not an abuse of discretion.
Both Joyce and Willie Bell McKinley suffered "soft tissue" injuriescervical and lumbar strains. Both visited Dr. Marelle Yongue six times, and were given muscle relaxer medication. Physical therapy was not recommended or administered. By November 4th, the patients were symptom-free. Under the guidelines of Reck v. Stevens, 373 So.2d 498 (La.1979), the facts and circumstances peculiar to this case compel us to conclude that there was no clear abuse of discretion in the award of damages. Therefore, we cannot say that such was inadequate.
Accordingly, we affirm the finding of the trial court that Joyce McKinley was 10% negligent and likewise affirm the $1,600 damage award.
All costs to this appeal are cast to the appellants.
AFFIRMED.
BOWES, J., dissents with written reasons.
BOWES, Judge, dissenting.
I disagree with the majority's conclusion that a finding of 10% negligence on the part of plaintiff, Joyce McKinley, was not manifestly erroneous.
Under the facts as stated in the majority opinion, plaintiff was most certainly not negligent, in my opinion. Defendant (the following driver) was aware, not only of the extremely congested situation, but also of the difficulty in attempting to enter the fast-moving traffic in the circle, as he was very familiar with the intersection. Even if Mrs. McKinley had driven momentarily forward and then stopped, which is apparently what the jury believed, such was not negligence on her part. Many situations *707 arise in the circle (or right-of-way lanes) which can cause a lead driver to be required to stop againsuch as a car in a far lane being obscured by a car in a nearer lane, a car changing lanes, an original erroneous judgment as to speed, etc.
The majority opinion effectively creates a rule of law that once a driver at a yield (or stop) sign decides to move forward, he makes an irrevocable decision which can never be changed, no matter what dangers may subsequently present themselves in the fast-moving traffic ahead. Such a rule places a premium on haste, impatience and hazardous driving, and increases the probability of an accident, injury, and danger to life, instead of emphasizing safety and careful driving.
The primary duty of the plaintiff was to merge safely into the oncoming traffic. Her actions were reasonable and not unusual in this situation, nor should they have been unexpected. The exception (to the rule which holds the following driver to be at fault in a rear end collision) is made when the driver of the lead vehicle negligently creates a hazard which the following vehicle cannot reasonably avoid. Vander v. New York Fire and Marine Underwriters, Inc. 192 So.2d 635 (La.App. 3rd Cir.1966); Walters v. Seven-Up Bottling Co. of Alexandria, 212 So.2d 443 (La.App. 3rd Cir.1968); Welch v. Thomas, 263 So.2d 427 (La.App. 1st Cir.1972); Self v. State Farm, 183 So.2d 68 (La.App. 3rd Cir.1966). See also: La.R.S. 32:81(A)
§ 81. Following vehicles
A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
Under 32:81(A), the motorist is required to make an assessment of the conditions and circumstances and to maintain a distance behind the vehicle which is reasonable. Anderson v. Craig, 401 So.2d 1022 (La. App. 4th Cir.1981).
Such an exception is not applicable in the present case. It is certainly not unreasonable to expect the driver of the following vehicle to look ahead as he drives forward; even if he does glance away momentarily, his primary attention should be toward the direction in which he is driving.
In this case, the majority concedes that the defendant was looking to his left as he drove forward and struck defendant in the rear. If he had been looking forward all the time, he would be just as completely at fault as the cause of the accident because he should have been prepared to stop again. Under the doctrine of comparative negligence, the defendant should have been held completely liable and the plaintiff without any fault whatsoever, as she was only doing what she had to do to enter safely into the speeding and dangerous traffic within the circle. Certainly, she should not be held responsible for the actions of a following driver whom, by the majority's own admission, was not even looking ahead or watching where he was going when he struck her in the rear.
It appears that my brothers in another circuit have already considered almost the exact question presented here and share the position that I have taken above. See Gleason v. Posey, 229 So.2d 219 (La.App. 2nd Cir.1969), wherein the Second Circuit opined:
... Mrs. Gleason was stopped at a stop sign about twelve feet from the intersection. At that point, she was unable to clearly ascertain whether she could enter Line Avenue, thus she rolled forward to a position of clearer visibility, and on braking for a second time her vehicle was struck from the rear by the Posey vehicle. Mrs. Gleason was clearly using the road in the usual manner by making absolutely certain that her entry onto Line Avenue could be executed safely. Her actions in rolling forward and braking a second time in order to attain a better view were certainly reasonable in light of the obstruction of view at this intersection. She was under no duty to maintain a lookout to the rear of her vehicle as she had a right to assume that any following vehicle was obeying the *708 laws of the road in not following too closely, and in keeping his vehicle under proper control so as not to interfere with her use of the road in any manner.
The driver of the following vehicle in this instance should have been aware that the ingress of a vehicle from a non-favored street into Line Avenue, which is a heavily traveled four-lane thoroughfare, would be a very hazardous maneuver. He should, therefore, have maintained a very close lookout for a sudden or emergency stop by the preceding driver who is attempting to execute this hazardous maneuver. By failing to maintain a proper lookout and have his vehicle under proper control, Posey was guilty of negligence which was the proximate cause of this accident.
Lastly, the majority attempts to limit their ruling to the particular facts of "these circumstances" and hold that not every driver in "these circumstances" is to be presumed to be partially negligent. In my view, these statements are incongruous and incompatible. The "circumstances" here are perfectly clear, as defined by the majority, and with which I agree wholeheartedly. By their ruling, anyone else caught in these "circumstances" is required to make the same irrevocable decision that they have required of the plaintiff here. I disagree with all the strength at my command.
Additionally, I feel that the jury abused its discretion in its damage award of $800.00 per plaintiff, which included medical expenses of $200.00 for Willie Bell and $247.00 for Joyce. I would have increased the damages substantially, as the plaintiffs clearly suffered to a greater extent than is reflected in the jury verdict. Both were actively treated by Dr. Yongue for about seven weeks for both objective and subjective symptoms and then instructed to return in January. Both patients were prescribed medication for pain and muscle-relaxing, bed rest, heat therapy and special exercises. Joyce lost a week from work and Willie Bell lost four days.
For the foregoing reasons, I respectfully and vigorously dissent.